IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| WELISTER L. WHITE, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 06-2784-B/P |
| TENNESSEE BOARD OF PROBATION AND PAROLES, et al., | ) | |
| Defendants. | ) | |

ORDER SEVERING CASES

On November 16, 2006, five inmates at the West Tennessee State Penitentiary in Henning, Tennessee filed a joint pro se complaint pursuant to 42 U.S.C. § 1983 challenging the denial of their applications for parole. The Clerk shall record the plaintiffs as Welister L. White, Tennessee Department of Correction ("TDOC") prisoner number 86259; Earnest M. Hawkins, TDOC prisoner number 95252; Richard L. Young, TDOC prisoner number 101867; Jerry L. Cowan, TDOC prisoner number 150145; and Cedric Franklin, TDOC prisoner number 230639. On April 3, 2007, Plaintiff White notified the Clerk that Plaintiffs White, Hawkins, and Cowan are currently housed at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee and that Defendant Young is currently housed at the Riverbend Maximum Security Institution in Nashville, Tennessee.

The first issue to be considered is whether Plaintiffs should be permitted to litigate their claims in a single lawsuit.

Rule 20(a) of the Federal Rules of Civil Procedure permits joinder where each plaintiff's claim presents a common question of law or fact. In this case, the crimes committed by each plaintiff are different, each plaintiff has a unique institutional history, and each plaintiff had a parole hearing before a separate, three-member panel of the Tennessee Board of Probation and Paroles (the "Board"). On the other hand, each plaintiff arguably raises a common legal issue about the due process protections available to Tennessee inmates who appear before the Board. As a result, Rule 20(a) would permit, but would not require, the joinder of Plaintiffs' claims.

However, it is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action. Pursuant to Fed. R. Civ. P. 11(a), each pleading and motion must be signed by each plaintiff. The logistical coordination required to obtain individual signatures on any future submissions is prohibitive.[1] Moreover, the individual defendants in this case are the seven (7) members of the Board, yet each plaintiff does not even have an arguable claim against the four (4) Board members who did not participate in his parole consideration. Finally, the _in forma pauperis_ affidavits indicate that the individual plaintiffs differ substantially in their ability to pay

---

[1] The complaint and _in forma pauperis_ documents in this case were executed on July 10, 2006, but the action was not filed until four months later, on November 16, 2006. Moreover, only Plaintiff White signed the letter advising the Court of the changes of address. Because the new addresses can be verified through the TDOC website, the Court has made the changes without requiring signed notifications by the other three plaintiffs.

a pro-rated share of the filing fee. Some, but not all, plaintiffs would qualify for use of the installment-payment provisions of 28 U.S.C. § 1915(b).

Because consolidation of Plaintiffs' claims in a single action is not in the interest of justice and is administratively unreasonable, the Court ORDERS that the claims of each of the plaintiffs be severed. The only plaintiff in this action is Welister L. White. The Clerk is directed to open new actions for Plaintiffs Hawkins, Young, Cowan, and Franklin.[2] No change in the judge and magistrate judge assignments shall be made.

IT IS SO ORDERED this 3rd day of May, 2007.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE

---

[2] The following documents shall be filed in all cases: Docket Entries ("D.E.") 1-1, 1-8, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, & 2.

The following additional documents shall be filed: (I) for Plaintiff White: D.E. 1-2 & 1-9 (p. 1); (ii) for Plaintiff Hawkins: D.E. 1-3 & 1-9 (p. 2); (iii) for Plaintiff Young: D.E. 1-4 & 1-9 (p. 3); (iv) for Plaintiff Cowan: D.E. 1-5 & 1-9 (p. 4); and (v) for Plaintiff Franklin: D.E. 1-6 & 1-9 (p. 5).